IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY WALKER,<br><br>        Petitioner,<br><br>  vs.<br><br>W. G. SULLIVAN, Warden,<br><br>        Respondent. | No. C 11-03177 EJD (PR)<br><br>ORDER TO SHOW CAUSE;<br>DIRECTING CLERK TO REPLACE<br>PROPER RESPONDENT;<br>DISMISSING MOTION TO COMPEL<br>AS MOOT<br><br>(Docket No. 20) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Before the Court could review the petition, Petitioner filed an amended petition on November 28, 2011, which is the operative petition in this action.[1] (See Docket No. 11.) Petitioner has been granted leave to proceed in forma pauperis. (See Docket No. 21.)

///

---

[1] The Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15, made applicable to habeas proceedings by 28 U.S.C. § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11, allows amendments with leave of court any time during a proceeding. Mayle, 545 U.S. at 654-55 (citing Fed. R. Civ. P. 15(a)). Before a responsive pleading is served, pleadings may be amended once as a matter of course, i.e., without seeking court leave. Id. at 655.

Order to Show Cause; Replace Proper Respondent
G:\PRO-SE\SJ.EJD\HC.11\03177Walker_osc.wpd

# BACKGROUND

According to the amended petition and the attachments thereto, Petitioner was found guilty by a jury in San Francisco County Superior Court of non-violent pandering. (Am. Pet. at 2.) Petitioner was sentenced to 12 years in state prison. (Id. at 1.)

Petitioner's conviction was affirmed on appeal. He filed a state habeas petition, which the California Supreme Court denied. (Id. at 4.) Petitioner filed the instant federal habeas petition on June 27, 2011.

# DISCUSSION

A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B. Legal Claims

Petitioner raises the following claims for federal habeas relief: 1) newly discovered evidence of actual innocence, (Am. Pet. at 8); 2) witness gave false testimony at trial, (id. at 24); 3) prosecutorial misconduct, (id. at 28); 4) ineffective assistance by trial counsel, (id. at 41); 5) insufficient evidence to support the conviction, (id. at 57); 6) the trial court failed to instruct the jury on the definition of "lewd act," (id. at 82); 7) evidence of uncharged crimes or bad acts were improperly admitted and should have been excluded, (id. at 90); 8) the cumulative effect of the prosecutor's misconduct warrants reversal, (id. at 94); and 9) the trial court's imposition of the upper term was based on facts not submitted to the jury or

admitted by Petitioner and therefore the sentence violates Petitioner's right a jury trial, (id. at 102). Liberally construed, these claims appear cognizable under § 2254 and merit an answer from Respondent.

C. Proper Respondent

The rules governing relief under 28 U.S.C. § 2254 require a person in custody pursuant to the judgment of a state court to name the "state officer having custody" of him as the respondent. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894, (9th Cir. 1996) (quoting Rule 2(a) of the Rules Governing Habeas Corpus Cases Under § 2254). The proper respondent is W. G. Sullivan, the Warden at CSP-Los Angeles where Petitioner is currently incarcerated. The Clerk of the Court shall replace People of the State of California and Correctional Captain B. M. Cash with Warden W. G. Sullivan as Respondent in this action.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the court and serve on petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his

Order to Show Cause; Replace Proper Respondent
G:\PRO-SE\SJ.EJD\HC.11\03177Walker_osc.wpd     3

1 receipt of the answer.

2      3. Respondent may file a motion to dismiss on procedural grounds in lieu

3 of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules

4 Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall

5 file with the Court and serve on Respondent an opposition or statement of non-

6 opposition within **thirty (30) days** of receipt of the motion, and Respondent shall

7 file with the court and serve on Petitioner a reply within **fifteen (15) days** of receipt

8 of any opposition.

9      4. Petitioner is reminded that all communications with the court must be

10 served on Respondent by mailing a true copy of the document to Respondent's

11 counsel. Petitioner must also keep the Court and all parties informed of any change

12 of address.

13      5. Petitioner has been granted leave to proceed <u>in forma pauperis</u>, (<u>see</u>

14 Docket No. 21). Accordingly, Petitioner's request to compel the prison to complete

15 his application, (Docket No. 20), is DISMISSED as moot.

16      This order terminates Docket No. 20.

18 DATED: February 1, 2012     

19                                            EDWARD J. DAVILA
                                           United States District Judge

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JEFFERY WALKER,

        Petitioner,

  v.

W. G. SULLIVAN, Warden,

        Respondent.

Case Number: CV11-03177 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 2/2/2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jeffery E. Walker F-11343
CSP Los Angeles County
P.O. Box 4670
Lancaster, CA 93539

Dated: 2/2/2012

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk