IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY WALKER, | No. C 11-03177 EJD (PR) |
| Petitioner, | ORDER FOR PARTIES TO FILE BRIEFING |
| vs. | |
| W. G. SULLIVAN, Warden, | |
| Respondent. | |

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Respondent has moved to dismiss four of the nine claims in the petition as untimely. (Docket No. 33.) Petitioner has filed an opposition and Respondent has filed a reply.

Petitioner filed a federal petition for writ of habeas corpus in this Court on June 14, 2011.[1] The petition raised five claims, that had been exhausted on direct review. Petitioner filed an amended federal petition on November 28, 2011, that contained the

---

[1] Under the "mailbox rule" Petitioner's state and federal court petitions are deemed filed on the date they are signed, which is when they are presumably given to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266, 270-71 (1988). Consequently, Petitioner's state and federal court petitions are described as filed on the date that they were signed, when that can be determined from the record.

Order Granting Motion to Dismiss; Deny COA
03177Walker_briefing.wpd

1

1 five claims from the original petition and four additional claims that Petitioner had
2 recently exhausted with a petition to the California Supreme Court.

3 Respondent argues in the motion to dismiss that the original federal petition is timely and the amended petition is untimely, and as the additional claims in the amended petition do not relate back to the original petition, the claims should be dismissed, and the case should proceed only on the claims from the original petition.

In determining that the original petition was timely filed, Respondent appears to conclude that Petitioner should receive tolling while his twelve state habeas petitions described below, were pending and the intervals when Petitioner proceeded to a higher court.

## BACKGROUND

Petitioner was found guilty in San Francisco County Superior Court of one count of pandering and sentenced to twelve years in state prison on January 17, 2006. (Motion to Dismiss ("MTD") Exh. A at 1-2.)

The California Court of Appeal affirmed the conviction on February 29, 2008. (MTD, Exh. B.) Petitioner sought review in the California Supreme Court, which was denied on June 11, 2008. (Id., Exh. D.)

Petitioner filed twelve[2] state habeas petitions. The first petition was filed in superior court on July 3, 2008. (Id., Exh. E.) Petitioner filed a second petition in superior court on August 21, 2008. (Id.) Both petitions were denied on December 29, 2008. (Id., Exh. F.)

The third petition was filed in superior court on January 29, 2009. (Id., Exh. E.) While this petition was pending, Petitioner filed a fourth petition, this time in the court of

---

[2] A prior petition was filed in the superior court on September 14, 2006, and later denied while direct appeal was pending. MTD at 2. It is not relevant for the motion to dismiss. Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008) (noting that although the filing of a state habeas petition "would otherwise have tolled the running of the federal limitations period, since it was denied before that period had started to run, it had no effect on the timeliness of the ultimate federal filing).

appeal on February 23, 2009, which was denied on February 26, 2009.  (Id., Exh. G.) While the third petition was still pending in superior court, Petitioner filed a fifth petition in superior court on May 12, 2009.  (Id., Exh. E.)  While the third and fifth petitions were still pending in the superior court, Petitioner filed a sixth petition, in the court of appeal, on May 21, 2009, that was denied on May 28, 2009.  (Id., Exh. H.)  Petitioner filed a seventh petition, in the court of appeal, on November 2, 2009, that was denied on January 7, 2010.  (Id., Exh. I.)  While this seventh appeal was pending, Petitioner's third and fifth petitions were denied by the superior court on December 18, 2009.  (Id., Exh. E.)

Petitioner's eighth petition was filed in superior court on June 28, 2010, and was denied on September 23, 2010.  (Id., Exhs. J, K.)  The petition was denied with a reasoned opinion where the superior court stated that the petition was untimely and Petitioner was not diligent in pursuing his claims and the court also cited to In re Clark, 5 Cal. 4th 750, 765 (1995).  (Id., Exh. K.)  The superior also court noted it was a second or successive petition and cited to In re Clark, 5 Cal. 4th 750, 774 (1995).  (Id.)

Petitioner's ninth petition was filed in superior court on January 8, 2011, and was denied on April 14, 2011.  (Id., Exhs. L, M.)  This petition was also denied in a reasoned opinion by the superior court noting the petition was untimely and successive, again citing In re Clark.  (Id., Exh. M.)

Petitioner filed his tenth petition, in the court of appeal, on June 13, 2011, that was denied on June 16, 2011.  (Id., Exh. N.)  This petition was denied with citations to In re Clark, 5 Cal. 4th 750-768 (1995) and In re Waltreus 62 Cal. 2d 218, 225 (1965), and the following statement: "The petition for writ of habeas corpus is denied.  Petitioner has failed to establish a prima facie case on his actual innocence/false testimony claim.  All other claims raised in the petition are untimely, repetitious, piecemeal or were already decided against petitioner on appeal."  (Id.)

Petitioner filed his eleventh petition, in the California Supreme Court on June 22, 2011, that was denied on September 14, 2011.  (Id., Exhs. O, P.)

Petitioner filed his twelfth petition, in the court of appeal on November 4, 2011,

that was denied on November 9, 2011.  (Id., Exh. Q.)

Petitioner filed the original federal petition for writ of habeas corpus in this Court on June 14, 2011.  (Docket No.1).  The petition raised five claims, that had been exhausted on direct review.  (MTD, Exh. R.)

Before the Court screened the federal petition, Petitioner filed an amended federal petition on November 28, 2011 (Docket No. 10).  The amended federal petition contained the five claims from the June 14, 2011, petition and four additional claims that Petitioner had exhausted with his petition to the California Supreme Court that was denied on September 14, 2011.  (MTD, Exhs. O, P.)

## **DISCUSSION**

The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Petitions are properly filed so long as there was no unreasonable delay between the petitions, and if each petition is properly filed, then a petitioner is entitled to a tolling of the statute of limitations in the intervals between a lower court decision and the filing of a petition in a higher court during one complete round of appellate review ("interval tolling").  Evans v. Chavis, 546 U.S. 189, 193–94, 198 (2006).

The Supreme Court has explained that in order for a state habeas petition to be "properly filed" for purposes of statutory tolling, the petition's delivery and acceptance must be in compliance with the laws and rules governing such filings.  Pace v. DiGuglielmo, 544 U.S. 408, 413–14 (2005).  "[T]ime limits, no matter their form, are 'filing' conditions."  Pace, 544 U.S. at 417.  "When a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)."  Id. at 414.

Petitioner's eighth and ninth petitions were denied by the superior court as untimely and successive with citations to In re Clark.  See *supra*.  In denying these petitions, the superior court was explicit in finding Petitioner's petitions barred by In re Clark as untimely and successive.  The petitions therefore appear untimely in the state

Order Granting Motion to Dismiss; Deny COA
03177Walker_briefing.wpd

4

court and not "properly filed" and not entitled to tolling. <u>Lakey v. Hickman</u>, 633 F.3d 782, 785–86 (9th Cir. 2011) ("we have consistently held that statutory tolling 'is unavailable where a state habeas petition is deemed untimely under California's timeliness standards' "). While the superior court also stated Petitioner failed to make a prima facie case on his claim, it is clear this was only discussed to establish that Petitioner's filing did not meet any exception entitling him to review as Petitioner presented a claim of actual innocence. <u>See</u> <u>Carey v. Saffold</u>, 536 U.S. 214, 225–26 (2002) (if state court rules that petition is untimely, that is "the end of the matter," regardless of whether state court also addressed merits of the claims, or whether timeliness ruling was "entangled" with the merits).

Petitioner's tenth petition was also denied by the court of appeal for these same reasons. <u>See</u> <i>supra</i>. Therefore, it does not seem Petitioner should be entitled to tolling for this petition. <u>Porter v. Ollison</u>, 620 F.3d 952, 958 (9th Cir. 2010) (for tolling to apply to a second round of review, the petition cannot be untimely or successive).

Without the tolling from these three petitions, or the interval in between as the petitions were not properly filed, it appears that both the original federal petition and amended federal petition are untimely, and all claims should be dismissed. Both parties will be provided an opportunity to address this issue.[3] <u>See</u> <u>Herbst v. Cook</u>, 260 F.3d 1039, 1043 (9th Cir. 2001) (providing Petitioner an opportunity to respond, prior to a district court's sua sponte dismissal).

## **CONCLUSION**

For the foregoing reasons, both parties shall file **simultaneously** briefing within **twenty-one (21) days** addressing if the original federal petition was timely filed.

DATED: 1/8/2013

EDWARD J. DAVILA
United States District Judge

---

[3] The parties need not address the actual innocence claims and that they may be excused from the statute of limitations.